# UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety
and Health Administration,

    Petitioner,

        *v.*

Greenbrier Minerals and Federal
Mine Safety and Health
Administration,

    Respondents.

No. 24-1356

Secretary of Labor, Mine Safety
and Health Administration,

    Petitioner,

        *v.*

Knight Hawk Coal, LLC and
Federal Mine Safety and Health
Administration,

    Respondents.

No. 24-1293

Secretary of Labor, Mine Safety
and Health Administration,

    Petitioner,

        *v.*

Bluestone Oil Corporation and
Federal Mine Safety and Health
Administration,

    Respondents.

No. 25-1077

**Joint Briefing Proposal**

On March 24, 2025, the Court ordered the parties to submit a joint proposed format for the briefing of these cases, accompanied by a detailed justification for their proposal. The parties[1] respectfully submit the following proposal and justification:

## I. Briefing Proposal

### A. Principal Brief to Be Filed by the Secretary

The Secretary proposes to file a principal brief that complies with the type-volume limitation set out in Federal Rule of Appellate Procedure 32(a)(7)(B). The Secretary's principal brief will address the underlying issue in these cases, as well as the additional issues the Court ordered the parties to brief in its March 24, 2025 Order.

The Secretary requests 45 days from the date of entry of an order by the Court approving this joint briefing proposal to file her principal brief.

### B. Limited Supplemental Briefs by Private-Party Respondents

Within 30 days after the Secretary files her principal brief, each private-party Respondent may file, to the extent they file any response at all, either

---

[1] Counsel for the Secretary has conferred with counsel for the private-party Respondents; private-party Respondents agree to, and have authorized the Secretary to file, this joint proposal.

(a) a one-page letter advising the Court that the Respondent wishes to join the Secretary's brief or (b) a supplemental brief that is limited to 4000 words.

Any supplemental brief will be limited to additional arguments not made in the Secretary's brief; where appropriate, Respondents will endeavor to file combined responses. The Respondents wish to wait until after the Secretary has filed her principal brief to decide whether they will join the Secretary or file a supplemental response, so that they can consider the contents of the Secretary's brief before electing a course of action.

## II. Justification for Briefing Proposal

This briefing proposal reflects consideration of the number of private party Respondents, the aligned interests between Respondents and the Secretary, and the potential non-aligned interests between Respondents and the Secretary.

### A. The Private-Party Respondents

There are three private party Respondents in these consolidated cases: Knight Hawk Coal, Greenbrier Minerals, and Bluestone Minerals.

### B. The Underlying Issues in the Case and the Aligned Interests of the Secretary and Private-Party Respondents

The context of these cases gives rise to the aligned interests between the Secretary and each of the Respondents. In each case, the Secretary and the Respondent reached a settlement of one or more citations issued to Respondents by the Mine Safety and Health Administration ("MSHA"), in which the Secretary decided to remove a special finding—a "significant and substantial" finding—from the citation. In doing so, the Secretary modified one aspect of the charging instrument. Thereafter, in each case, the Federal Mine Safety and Health Review Commission rejected the Secretary's decision to remove the "significant and substantial" special finding from the charging instrument.

The underlying issue in each of these consolidated cases is whether the Secretary has unreviewable discretion to remove a charge of "significant and substantial" from an MSHA citation once an operator has contested the citation before the Commission.

The Secretary's primary interest, in the context of this appeal, is preserving her prosecutorial discretion in enforcing the Mine Act. The private-party Respondents, on the other hand, may have other primary interests, such as minimizing litigation expenses. The private-party

Respondents may wish to articulate such views in supplemental briefing. See, *e.g.*, Knight Hawk Coals Resp. to Show-Cause Order, No. 24-1293(Feb. 14, 2025), at 3 ("[Knight Hawk] does not plan to repeat the Secretary's argument, but does provide its input on the issues raised…").

### C. Possible Non-Aligned Interests Between the Secretary and the Private Party Respondents

The Secretary and private-party Respondents appear to be aligned on the issues identified in the Court's Show-Cause Order of December 19, 2024, and on which the Court has also directed the parties to brief in the upcoming brief on the merits. Knight Hawk Coal, for example, filed a brief that concurs with the Secretary's brief on those same issues. Knight Hawk Coal's Resp. to Show-Cause Order, No. 24-1293 (Feb. 14, 2025). Greenbrier Minerals likewise filed a response to the Show-Cause Order joining the Secretary's response and incorporating a few other arguments on the Court's jurisdiction to hear this case. Greenbrier Minerals Resp. to Show-Cause Order, No. 24-1293 (Feb. 14, 2025). It is unlikely that Knight Hawk Coal's or Greenbrier Minerals' positions have changed, but those Respondents may wish to articulate their separate views on those issues in a supplemental brief.

Bluestone Oil did not have an opportunity to respond to the Court's Show-Cause Order because *Bluestone Oil* was consolidated with the above-

captioned cases after the time expired for responding to the Show-Cause

Order. Bluestone Oil, therefore, may wish to articulate its views on those

issues once it has reviewed the Secretary's principal brief.

## III.    Relief

The parties respectfully request a briefing order consistent with this

proposal.

Respectfully submitted,

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN L. SNARE
Acting Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

s/ SUSANNAH M. MALTZ
Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Ave NW
Suite N-4428
Washington, DC 20210
(202) 693-5393
maltz.susannah.m@dol.gov

Attorneys for the Secretary of Labor

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P.

27(d)(2)(A) because, excluding the parts of the document exempted under

Fed. R. App. P. 32(f), it contains 803 words.

This document complies with the typeface requirements of Fed. R. App.

P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because it has been prepared in Microsoft Word in 14-point Equity.

s/ Susannah M. Maltz

**Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the
Court for the United States Court of Appeals for the District of Columbia
Circuit by using the appellate CM/ECF system on May 22, 2025, and the
following registered users will be served via the CM/ECF system:

Mark E. Heath
    *Knight Hawk Coal, LLC*

Lorna Waddell,
    *Greenbrier Minerals, LLC*

Chris Pence
    *Bluestone Minerals*

Jason Riley
    *Federal Mine Safety and Health Review Commission*


                                   s/ Susannah M. Maltz