UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

Secretary of Labor, Mine Safety and Health Administration,
Petitioner,

*v.*

Knight Hawk Coal, LLC,
and Federal Mine Safety and Health Review Commission,
Respondents.

Secretary of Labor, Mine Safety and Health Administration,
Petitioner,

*v.*

Greenbrier Minerals, LLC,
and Federal Mine Safety and Health Review Commission,
Respondents.

Secretary of Labor, Mine Safety and Health Administration,
Petitioner,

*v.*

Bluestone Oil Corporation
and Federal Mine Safety and Health Review Commission,
Respondents.

On Petition for Review of a Decision of the
Federal Mine Safety and Health Review Commission

**Reply Brief of the Secretary of Labor**

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN BERRY
Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

SUSANNAH M. MALTZ
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Avenue NW, N4420
Washington, DC 20210
maltz.susannah.m@dol.gov
(202) 693-5393

# Table of Contents

Table of Authorities ............................................................. iv

Glossary .......................................................................... vi

Summary of Argument ......................................................... 1

Argument .......................................................................... 4

    1.    The orders at issue are collateral orders. ................................ 4

    2.    Congress gave the Commission review authority over the compromise, mitigation, and settlement of penalties, not enforcement decisions................. 12

Conclusion ........................................................................ 19

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements....................................................... a

Certificate of Service............................................................ b

Addendum – Pertinent Statutes and Regulations .................................. c

# Table of Authorities

**Cases**

*Abney* v. *U. S.*,
   431 U.S. 651 (1977) ...........................................................................11

*Consol PA Coal Co., LLC* v. *Sec'y of Lab.*,
   No. 25-3016 (3d Cir.) ...................................................................... 19

*Cyan, Inc.* v. *Beaver Cnty. Emps. Ret. Fund*,
   583 U.S. 416 (2018) ......................................................................... 16

*Digital Equipment Corp.* v. *Desktop Direct, Inc.*,
   511 U.S. 863 (1994) ...................................................................... 9, 10

*Donovan* v. *OSHRC*,
   713 F.2d 918 (2d Cir. 1983) ................................................. 4, 5, 7, 11, 12

*Heckler* v. *Chaney*,
   470 U.S. 821 (1985) ......................................................................... 16

*Marshall* v. *OSHRC*,
   635 F.2d 544 (6th Cir. 1980) ...................................................... 4, 5, 8, 11

*Meredith* v. *FMSHRC*,
   177 F.3d 1042 (D.C. Cir. 1999) .........................................................5, 12

*Mohawk Indus., Inc.* v. *Carpenter*,
   558 U.S. 100 (2009) ........................................................................... 8

*Sec'y of Lab.* v. *Crimson Oak Grove et al.*,
   No. 24-1294 (D.C. Cir.).......................................................................9

*Sec'y of Lab.* v. *Industrial TurnAround Corp.*,
   138 F.4th 1339 (D.C. Cir. 2025)............................................................8

*Sec'y of Lab.* v. *Twentymile Coal Co.*,
   456 F.3d 151 (D.C. Cir. 2006) ...................................3, 5, 10, 15, 17, 18

*Speed Mining, Inc.* v. *FMSHRC*,
   528 F.3d 310 (4th Cir. 2008)..............................................................17

*Authorities on which the Secretary principally relies are marked with an asterisk

*U.S.* v. *Carrigan*,
   778 F.2d 1454 (10th Cir. 1985) ...................................................... 4, 6, 7

*U.S.* v. *McDonald*,
   435 U.S. 850 (1978) ...........................................................................11

*U.S.* v. *Samueli*,
   582 F.3d 988 (9th Cir. 2009) .......................................................... 6, 7

*Will* v. *Hallock*,
   546 U.S. 345 (2006) ......................................................................7, 10

**Statutes**

30 U.S.C. 814(d)(1) ...............................................................................15

30 U.S.C. 814(e) ....................................................................................13

*30 U.S.C. 820(k) ......................................................................... 2, 12, 14, 18

**Federal Mine Safety and Health Review Commission Decisions**

*Consol PA Coal Co.*,
   47 FMSHRC 793, 824 (Sept. 2025) .................................................. 19

*Mechanicsville Concrete*,
   18 FMSHRC 877 (June 1996) ........................................................ 13, 15

*Meredith et al.*,
   21 FMSHRC 843 (Aug. 1999) ........................................................... 12

**Occupational Safety and Health Review Commission Decisions**

*Boise Cascade Corp.*,
   14 BNA OSHC 1993, 1991 WL 25319 (Nos. 89–3087 & 89–3088, Feb. 1, 1991) ..11

**Other Authorities**

S. Rep. 95-181 (1977) ...........................................................................15

## Glossary

| | |
|---|---|
| ALJ | Administrative Law Judge |
| Commission or FMSHRC | Federal Mine Safety and Health Review Commission |
| Mine Act | Federal Mine Safety and Health Act of 1977 |
| MSHA | Mine Safety and Health Administration |
| OSH Act | Occupational Safety and Health Act of 1970 |
| OSHRC | Occupational Safety and Health Review Commission |
| S&S | "Significant and substantial" designation |

## Summary of Argument

The Secretary of Labor (Secretary) has the exclusive authority to enforce the Federal Mine Safety and Health Act of 1977 (Mine Act). This includes the authority to designate citations "significant and substantial" (S&S), and the authority to remove those enforcement designations. The Secretary's authority to remove S&S designations is unreviewable.

The Federal Mine Safety and Health Review Commission (Commission) has no enforcement role; it adjudicates certain disputes arising under the Mine Act. The Commission veered outside of its statutorily prescribed role when it issued orders purporting to exercise review authority over the Secretary's decision to remove S&S designations from some violations post-contest.

These orders are non-final, but this Court has jurisdiction to review them under the collateral order doctrine. Court-appointed amicus curiae for the Commission's position[1] disagrees. Amicus compares the orders, which affirm a Commission administrative law judge (ALJ)'s denial of settlement motions, to district court

---

[1] This Court appointed amicus curiae to present argument in support of the orders issued by the Federal Mine Safety and Health Review Commission. Ord., *Sec'y of Lab.* v. *Knight Hawk Coal Co., LLC, et al.*, No. 24-1293 (D.C. Cir. Aug. 6, 2025); Ord. *Sec'y of Lab.* v. *Knight Hawk Coal Co., LLC, et al.*, No. 24-1293 (D.C. Cir. Oct. 20, 2025). For ease and brevity, this brief refers to arguments and positions taken by "amicus," with the understanding that those are presented in support of the Commission's orders.

orders denying plea bargains. Amicus argues that there "is no right to have a plea bargain accepted" and thus, "the Secretary has no right to have a settlement accepted." But the Secretary does not suggest she has a right to have a settlement accepted; she has a right to exercise her discretionary, prosecutorial discretion to remove an S&S designation. And the Secretary has offered a much closer analogy than orders in the criminal law context denying plea bargains: Occupational Safety and Health Review Commission orders denying the Secretary's prosecutorial authority under the Occupational Safety and Health Act of 1970 (OSH Act). Those orders were immediately reviewable, and so are the orders here.

Amicus also argues that the orders do not raise a substantial public interest important enough for collateral review. But the administration of the Mine Act depends on the Secretary and Commission adhering to their statutorily prescribed roles; the Commission's attempt to appropriate to itself the Secretary's enforcement power imperils an important interest.

In addition to being immediately reviewable, the orders at issue are substantively incorrect. Amicus argues that the statute—which says that no *penalty* shall be compromised, mitigated, or settled without the approval of the Commission, 30 U.S.C. 820(k)—gives the Commission the power to review and approve the Secretary's decision to remove an S&S designation, if that removal occurs in the

settlement context. Not true. The Secretary's decision to remove an S&S designation, which is not a penalty but an enforcement mechanism, is unreviewable, whether she makes that decision before a contest, following a contest, in a settlement motion, at trial, or elsewhere. Amicus can only advance this reading of the statute by ignoring what Congress wrote: the Commission's review authority is limited to *penalties*. Amicus suggests that "compromise, mitigate, and settle," are verbs so broad that they expand the review authority of the Commission beyond penalties, into any consequence that might accrue to an operator in the future. But nothing in the statute allows that, and this Court has warned the Commission against "substitut[ing] its views of enforcement policy for those of the Secretary, a power that . . . the Commission does not possess." *Sec'y of Lab.* v. *Twentymile Coal Co.*, 456 F.3d 151, 158 (D.C. Cir. 2006).

Amicus argues that removing an S&S designation in a settlement agreement is part of the bargained-for exchange of a settlement, and without Commission oversight the Secretary might lapse into lax enforcement. But Congress did not appoint the Commission to oversee every choice the Secretary might make, and the Commission cannot invoke imaginary concerns to expand its review power beyond the limited authority that Congress gave it. The Commission is entitled to review

and approve the compromise, mitigation, or settlement of contested *penalties*. No more, no less.

## Argument

**1. The orders at issue are collateral orders.**

Amicus argues that the orders at issue are not collateral orders. Amicus Br. 27-37. Primarily, amicus suggests that the orders denying settlement are analogous to district court orders rejecting criminal plea bargains, which two courts of appeals (though not this one) have determined are not immediately reviewable. See Amicus Br. 27, 30-34 (citing *U.S.* v. *Samueli*, 582 F.3d 988 (9th Cir. 2009) and *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985)).

This analogy is inapt. The Secretary has offered a much closer analogy: orders of the Occupational Safety and Health Review Commission (OSHRC) concerning the Secretary's exercise of prosecutorial discretion to vacate a citation or settle a citation, which courts of appeals have determined are reviewable as collateral orders. Sec'y Op. Br. 28, 29; *Marshall* v. *OSHRC*, 635 F.2d 544, 549 (6th Cir. 1980) (an OSHRC order remanding a case to allow employees to pursue litigation on a citation that the Secretary had vacated was reviewable as a collateral order); *Donovan* v. *OSHRC*, 713 F.2d 918, 924 (2d Cir. 1983) (an OSHRC order remanding a matter to an OSHRC ALJ to determine whether to approve a settlement was reviewable as a collateral order).

Amicus suggests that those OSH Act cases are distinguishable because the OSH Act does not allow OSHRC review of penalty settlements. Amicus Br. 35. It is unclear why that bears on the reviewability of the orders at issue here; the orders at issue in the cases the Secretary cites were reviewable as collateral orders because they conclusively determined an issue concerning the Secretary's discretion. *Marshall*, 635 F.2d 544; *Donovan*, 713 F.2d 918. While the Mine Act differs from the OSH Act with respect to the Commission's power to review penalty settlements, the Mine Act does not allow Commission review of the Secretary's discretionary enforcement decision to add or remove an S&S designation, which is exactly why immediate review of these orders is so critical. See *Marshall*, 635 F.2d at 549 (collateral review was appropriate because "the Secretary and the [OSHRC] Commission are at a deadlock in their disagreement on the scope and extent of their respective responsibilities. . . .") Additionally, as this Court has recognized, the OSH Act comparison is appropriate when a case concerns the split roles of the Secretary and Commission. *Meredith* v. *FMSHRC*, 177 F.3d 1042, 1054 (D.C. Cir. 1999) (explaining that the Mine Act "[r]eplicat[es] the division of responsibilities between the Secretary of Labor and the Occupational Safety and Health Review Commission[.]"); *Twentymile*, 456 F.3d at160-161 (discussing these analogous split enforcement schemes).

Amicus appears to draw the plea-deal comparison because the orders from which the Secretary now appeals are orders affirming settlement denials, and because it understands this case to concern "bargained-for exchange" of "concessions" from "each side." Amicus Br. at 33 (citing *Ricketts* v. *Adamson*, 483 U.S. 1, 9 n.5 (1987)). But these cases are not about the Secretary's authority to settle cases. They are about the Secretary's authority to charge or remove an S&S citation in any post-contest context. That the question of her authority to do so arises here in the settlement context is incidental. Amicus claims there "is no right to have a plea bargain accepted" and thus, "the Secretary has no right to have a settlement accepted." Amicus Br. 33-34 (citing *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985)). Maybe so. But the Secretary does have a right to exercise her unreviewable discretion to remove an S&S designation post-contest. That is what this case is about.

Beyond the plea-bargain analogy being inapt, the cases amicus cites are substantively irrelevant. *U.S.* v. *Carrigan*, 778 F.2d 1454 (10th Cir. 1985) and *U.S.* v. *Samueli*, 582 F.3d 988 (9th Cir. 2009) both involved district court rejections of plea bargains. As the Ninth Circuit explained in *Samueli*, criminal law presents a particularly difficult context for the collateral order doctrine. 582 F.3d at 991-992 (explaining that "[i]nterlocutory appeals are typically unsuitable for criminal cases"

and "an interlocutory order is appealable only where it affects a 'right not to be tried.'"). Both the Ninth and Tenth Circuits determined that a plea bargain is not "collateral to, and separable from, the principal issue at the accused's impending criminal trial, *i.e.*, whether or not the accused is guilty of the offense charged." *Carrigan*, 778 F.2d at 1465; see *Samueli*, 582 F. 3d at 992 ("We agree [with *Carrigan*] . . . the decision to reject a plea is 'directly dependent on the court's assessment of the defendant's degree of culpability. . . .'") (citing *Carrigan*, 778 F.2d at 1465). In other words, an order denying a plea bargain does not satisfy the second element of the collateral order doctrine: an order must "resolve an important issue completely separate from the merits of the action." *Will* v. *Hallock*, 546 U.S. 345, 349 (2006) (citation omitted).

As the Secretary has explained, Sec'y Op. Br. 29, whether the Commission is entitled to review the Secretary's decision to remove an S&S designation is separate from whether the Secretary has satisfied the standard for settlement of civil penalties. See *Donovan*, 713 F.2d at 924. Amicus does not meaningfully dispute this in its brief.

Instead, amicus focuses on its argument that the Secretary cannot satisfy the "effective unreviewability" requirement of the collateral order doctrine; an order must be "effectively unreviewable on appeal from a final judgment." *Will*, 546 U.S.

at 349 (citation omitted). Amicus Br. 29, 32. "[T]he decisive consideration is whether delaying review until the entry of final judgment 'would imperil a substantial public interest' or 'some particular value of a high order.'" *Mohawk Indus., Inc.* v. *Carpenter*, 558 U.S. 100, 107 (2009) (citing *Will*, 546 U.S. at 352-353). Amicus suggests that the Secretary's concerns about prosecutorial discretion do not implicate a sufficiently substantial public interest or a value important enough for collateral review. Amicus Br. 32-33. On the contrary, the Commission's attempt to wrestle from the Secretary her policymaking and enforcement role is a matter that clearly concerns the "effective administration of the Act," *Marshall*, 635 F.2d at 549, and "the extent to which an adjudicatory body c[an] review an enforcement agency's exercise of prosecutorial discretion," a separation-of-powers concern implicating the public interest. *Sec'y of Lab.* v. *Industrial TurnAround Corp.*, 138 F.4th 1339, 1342-1343 (D.C. Cir. 2025) ("*ITAC*") (citing *Will* v. *Hallock*, 546 U.S. 345, 352 (2006)).

Amicus likewise misunderstands the class of appeals that the Secretary argues are collateral orders appropriate for immediate review. See Amicus 36-37. The Secretary does not suggest that all denials of settlement agreements are reviewable. Instead, the Secretary argues that orders that purport to exercise review power over the Secretary's enforcement decisions are reviewable (i.e., orders that deny the

Secretary's unilateral power to remove an S&S designation or vacate a citation, see *Sec'y of Lab.* v. *Crimson Oak Grove et al.*, No. 24-1294 (D.C. Cir.) (on review)).

The Supreme Court has instructed that, with respect to whether a class of orders is appealable under the collateral order doctrine, "[a]ppealability must be determined for the entire category to which a claim belongs," rather than the specific order on review. *Digital Equipment Corp.* v. *Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) (a district court order canceling a previously granted settlement agreement in a trademark infringement case was not appealable as a collateral order). In analyzing the "right not to go to trial" at issue in *Digital Equipment*, the Supreme Court reasoned that "it would be the rare settlement agreement that could not be construed to include (at least an implicit) freedom from trial 'aspect'. . . ." 511 U.S. 863, 866, 876-877 (1994). Thus, if the Supreme Court determined an order denying settlement was immediately appealable because denying review would endanger that so-called right, any district court order denying a motion to approve settlement would be subject to interlocutory review. *Id.* at 877.

Amicus invokes this concern when it suggests that if this Court grants collateral review of the orders at issue here, there will be a "flood" of interlocutory appeals. Amicus Br. 37. But the right the Secretary asserts is not a broad right not to proceed in litigation but is at "a higher level of generality." *Digital Equip. Corp.*, 511 U.S. at

877. There are no floodgates to open, as amicus suggests. Amicus Br. 37. These orders are not run-of-the-mill settlement denials; they implicate the Secretary's statutory, prosecutorial authority to remove S&S designations. That class of orders is limited, and appropriate for immediate review in order to prevent the Commission from "substitut[ing] its views of enforcement policy for those of the Secretary," a power that "the Commission does not possess." *Twentymile*, 456 F.3d at 158.

The reason that the orders on review in this case fall within the collateral order doctrine is because they are orders denying the Secretary's discretionary authority to remove S&S designations without Commission approval, not because they are orders denying a settlement motion. See Sec'y Op. Br. 27-33. A typical settlement order denial would not necessarily "conclusively determine a disputed question," "resolve an important issue separate from the merits," and "be effectively unreviewable on appeal," such that forgoing review would "imperil a substantial public interest." *Will*, 546 U.S. at 349, 353 (citations omitted). Commission ALJs sometimes deny settlement motions, as is typical in litigation of any kind; the Secretary does not seek interlocutory review when those settlement denials do not infringe on her discretionary enforcement authority.

It is appropriate for this Court to determine that orders exercising review authority over the Secretary's enforcement decisions (essentially, a subset of settlement denials) are immediately reviewable. This is the degree of specificity that the Supreme Court has used in determining classes of collateral orders. See, *e.g.*, *Abney* v. *U. S.*, 431 U.S. 651, 662 (1977) (a defendant may appeal as a collateral order the denial of a pretrial motion to dismiss based on double jeopardy grounds), but see *U.S.* v. *McDonald*, 435 U.S. 850, 856-861 (1978) (a defendant may not appeal as a collateral order the denial of a pretrial motion to dismiss based on speedy trial grounds).

Additionally, when the Sixth and Second Circuits determined that similar OSHRC orders were immediately reviewable, *Marshall*, 635 F.2d 544 (an OSHRC order remanding a case to allow employees to pursue litigation on a citation that the Secretary had vacated); *Donovan*, 713 F.2d 918 (an OSHRC order remanding a matter to an OSHRC ALJ to determine whether to approve a settlement), those courts were not thereafter overwhelmed with a new wave of interlocutory appeals. On the contrary, the OSHRC, bound by those decisions, corrected its error. See, *e.g.*, *Boise Cascade Corp.*, 14 BNA OSHC 1993, 1991 WL 25319 (Nos. 89–3087 & 89–3088, Feb. 1, 1991) (citing to *Marshall*, 635 F.2d 544, explaining "the Act does not grant employees a private right of action," and to *Donovan*, 713 F.2d 918,

explaining "prosecutorial discretion in the enforcement of the Act is vested solely in the Secretary."). Should this Court determine that the orders at issue here are collateral and reviewable, and issue a merits decision, that determination will resolve the issue. Should this Court determine that the Commission overstepped its statutory authority by usurping the Secretary's policymaking and enforcement power, the Commission will presumably rectify its approach. Compare, *Meredith*, 177 F.3d 1042 (determining that a Commission order applying the Mine Act's anti-discrimination provision to MSHA inspectors was a collateral order, and determining that the anti-discrimination provision did not apply to MSHA officials acting under the color of their authority) with *Meredith et al.*, 21 FMSHRC 843, 843-844 (Aug. 1999) (following the D.C. Circuit's decision in *Meredith*, 177 F.3d 1042, "the [D.C. Circuit] issued is mandate in this matter. . . . Pursuant to the court's order, we dismiss the complaints against the MSHA employees.")

**2. Congress gave the Commission review authority over the compromise, mitigation, and settlement of penalties, not enforcement decisions.**

The statutory text is clear that the Commission has the power to approve the compromise, mitigation, or settlement of *penalties*, not S&S designations. See 30 U.S.C. 820(k). A "penalty" means money. Sec'y Op. Br. 49; 30 U.S.C. 820 (referring throughout to "civil penalties" of certain dollar amounts.)

Amicus argues that this provision gives the Commission power to review and approve the removal of S&S designations when they occur in the settlement context, because the provision gives the Commission authority over settlement. Amicus Br. 37-39. Specifically, amicus argues, S&S removals "mitigate" the penalty because of the impact of accrued S&S violations on a "pattern of violations" notice under section 104(e) of the Mine Act, and S&S removals are part of the bargained-for exchange in the settlement process. Amicus Br. 39-42.

The Secretary has already addressed the pattern of violations issue at length, See Sec'y Op. Br. 44-46, and so she will be brief in addressing it here: S&S designations are not penalties, Sec'y Op. Br. 36-47; *Mechanicsville Concrete*, 18 FMSHRC 877, 881 (June 1996). They may be removed without impacting the penalty, Sec'y Op. Br. 41-42; *Mechanicsville*, 18 FMSHRC at 881 (removing an S&S designation improperly added by an ALJ; the removal did not change or impact the penalty assessed). And a pattern of violations notice, like an S&S designation, is an enforcement tool, not a penalty outcome. See Sec'y Op. Br. 7-8, 44; 30 U.S.C. 814(e). Congress gave the Commission review authority over compromises of penalties, not decision-making that might impact some future enforcement action. See Sec'y Op. Br. 44.

Amicus presumes that S&S removals in the settlement context are part of the bargained-for exchange of settlement. Amicus Br. 49-50. It argues that the Secretary might drop the S&S designation in exchange for the operator agreeing to accept a proposed penalty amount. *Ibid*. This, the argument goes, brings it into the sphere of section 110(k)'s Commission review authority over penalty settlements. Amicus Br. 47-50. But the S&S removal's inclusion in a settlement package does not mean that it is a bargaining chip in the exchange, nor does it transform the S&S removal into a penalty. The S&S removal remains an enforcement decision, and the statute does not give the Commission the authority to review enforcement decisions. See Sec'y Op. Br. 36-47; 30 U.S.C. 820(k). Amicus would presumably not take issue with an S&S removal outside of the settlement context; the Secretary would be permitted to remove an S&S designation if she did so in a post-contest context other than settlement. The logical conclusion of amicus' argument is that if, in these cases, the Secretary had filed notices removing the S&S designation separately from the settlement motions, that decision would not be subject to Commission review. But the Secretary's authority to exercise discretionary enforcement decisions does not shift based on the styling of a motion (nor, for that matter, does the Commission's review authority).

Amicus suggests that Congress intended the Commission to review and authorize the Secretary's S&S removal decisions in order to deter "lax and unaccountable enforcement." Amicus Br. 49. Accountability is important, which is why Congress included section 110(k) penalty settlement review. See S. Rep. 95-181, at 44 (1977). But Congress did not give the Commission review power over the Secretary's enforcement decisions: *e.g.*, whether to cite a violation, see Sec'y Op. Br. 4-5 (citing *Twentymile*, 456 F.3d at 157, 161); whether to designate a violation an "unwarrantable failure to comply," see Sec'y Op. Br. 7-8 (citing 30 U.S.C. 814(d)(1), the unwarrantable failure provision); whether to designate a violation S&S, see Sec'y Op. Br. 5 (citing *Mechanicsville*, 18 FMSHRC at 879) (designating citations S&S is "an exercise of enforcement authority reserved for the Secretary"); or whether to remove an S&S designation, see Sec'y Op. Br. 5, 7 (citing *Mechanicsville*, 18 FMSHRC at 879) ("an administrative agency has virtually unreviewable discretion in making decisions not to take particular enforcement action relating to its statutory or regulatory authority."). The Commission cannot invoke a vague fear of an imagined unaccountable enforcement program to usurp the Secretary's discretionary enforcement authority. *Twentymile*, 456 F.3d at 161 (quoting *Martin*, 499 U.S. at 151-152) ("enforcement of the Act is the sole responsibility of the Secretary.").

Amicus suggests that the Secretary's reading of section 110(k)—namely, that it applies only to compromising, mitigating, or settling monetary penalties—collapses those "broad" verbs into one: reducing. Amicus Br. 47-48. This is not true. The Secretary agrees that the Commission has the authority to review penalty settlements where the Secretary increases one proposed penalty and lowers another, *e.g.*, a compromise that is not a bare reduction, or penalty settlements where penalty factor outcomes are adjusted (i.e., the degree of negligence associated with a violation is changed from "moderate" to "low"), a mitigation that is more than a simple monetary reduction. The Secretary agrees that Congress would have simply said "reduced" in section 110(k) if that is what it meant. And likewise, if Congress had meant the Commission to have review and approval authority over things other than penalties (i.e., the removal of special enforcement findings like the S&S designation), it would have said that, too. Cf. *Heckler* v. *Chaney*, 470 U.S. 821, 831-833 (1985) (agency enforcement provisions are presumptively unreviewable; that presumption is overcome where Congress "indicate[s]. . . intent to circumscribe agency enforcement discretion. . . ."); *Cyan, Inc.* v. *Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 426 (2018) ("The statute says what it says—or perhaps better put here, does not say what it does not say.").

Amicus suggests that the Secretary's reading of the statute is too "cramped." Amicus Br. 47. Not so. The Secretary's reading of the statute is faithful: she reads the statute to refer to penalties, a limitation that the Commission would ignore by reaching beyond the penalty-review power into the Secretary's enforcement discretion. Amicus suggests that the Secretary's assertion of her prosecutorial authority is overblown, because the Commission would not wade into her discretionary enforcement and policymaking authority but merely "ensure[] her accountability," Amicus Br. 17. But the Commission would go about "ensuring accountability" by reviewing and approving the Secretary's decision to remove an S&S designation—a quintessential act of discretionary enforcement. This approval power would effectively grant the Commission the right to veto the Secretary's enforcement decisions. The statute does not authorize this, and it would be an impermissible intrusion into the Secretary's enforcement role. *Twentymile*, 456 F.3d at 161 (quoting *Martin*, 499 U.S. at 151-152) ("[E]nforcement of the Act is the sole responsibility of the Secretary"); *Speed Mining, Inc.* v. *FMSHRC*, 528 F.3d 310, 319 (4th Cir. 2008) (The Commission's authority "does not extend to reviewing the Secretary's policy-based enforcement decisions."). Amicus attempts to expand the Commission's review authority beyond the statutory text by suggesting the Commission is permitted to make enforcement decisions if they are

somehow related to settlement of penalties. That is not what section 110(k) says. See 30 U.S.C. 820(k).

Amicus emphasizes the deferential nature of Commission review of penalty settlements, repeating the Commission's mollifying reassurance that all the Secretary need do is provide her reasoning for removing an S&S designation. Whether review is burdensome does not bear on whether the Commission has statutory authority to exercise it. It does not.

Furthermore, the Secretary does not agree that the Commission's approach would end with the Secretary's tendering a simple explanation. Implicit in the power to review the Secretary's decision-making is the power to reject it. Thus, review power would "invite[] the reviewing body to substitute its views of enforcement policy for those of the Secretary, a power that . . . the Commission does not possess." *Twentymile*, 456 F.3d at 158.

Congress gave the Commission specific, limited authority. The Commission cannot expand its authority beyond what the statute allows, and it cannot make itself the Mine Act's enforcer and policymaker. That role belongs to the Secretary. Indeed, the Commission recently conceded this when it stated that the frequency of S&S designations "is a public policy question for the Secretary of Labor to decide

and for conditions in the nation's mines to dictate." *Consol PA Coal Co.*, 47 FMSHRC 793, 824 (Sept. 2025). [2]

## Conclusion

For the foregoing reasons, the Court should grant the Secretary's petition for review, vacate the Commission's orders, and remand the matter to the Commission for further disposition consistent with this Court's decision.

Respectfully submitted,

LORI CHAVEZ-DEREMER
Secretary of Labor

JONATHAN BERRY
Solicitor of Labor

THOMAS A. PAIGE
Acting Associate Solicitor

s/ SUSANNAH M. MALTZ

Attorney
U.S. Department of Labor
Office of the Solicitor
Division of Mine Safety & Health
200 Constitution Avenue NW,
Suite N4420
Washington, DC 20210
maltz.susannah.m@dol.gov
(202) 693-5393
(202) 693-9392 (fax)

---

[2] This case is currently pending appeal in the Third Circuit. *Consol PA Coal Co., LLC* v. *Sec'y of Lab.,* No. 25-3016 (3d Cir.) (pending appeal).

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted under Fed. R. App. P. 32(f), it contains 4,088 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in Microsoft Word in 14-point Equity.

s/ SUSANNAH M. MALTZ
Attorney

**Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court for the

United States Court of Appeals for the District of Columbia Circuit by using the

appellate CM/ECF system on January 12, 2026 and the following registered users

will be served via the CM/ECF system and by email:

Mark E. Heath
    *Knight Hawk Coal, LLC*

Lorna Waddell,
    *Greenbrier Minerals, LLC*

Christopher Pence
    *Bluestone Oil Corporation*

Jason Riley
    *Federal Mine Safety and Health Review Commission*

Soren Schmidt
    *Court-appointed amicus*

 

                                        s/ SUSANNAH M. MALTZ
                                                   Attorney

## Addendum – Pertinent Statutes and Regulations

All statutes and regulations pertinent to this case are contained in the addendum to the Secretary's opening brief.